UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINER J. FAERBER,<br><br>      Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF<br>CALIFORNIA, et al.,<br><br>      Defendants. | No. C08-3903 BZ<br><br>**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Plaintiff Rainer J. Faerber has applied to proceed with his complaint *in forma pauperis* pursuant to 28 U.S.C. section 1915(a).  Having reviewed his application, I find that he qualifies financially to proceed *in forma pauperis*.  However, I also find that his complaint is deficient under § 1915(e)(2).

    Under section 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* which, liberally construed, fails to state a claim on which relief may be granted or is frivolous.  See 28 U.S.C. 1915(e)(2)(B); Marks v. Slocum, 98 F.3d 494, 495 (9th Cir. 1996)(*per curiam*); Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  Having reviewed

1

1  the complaint, I find that plaintiff has failed to state a
2  claim for which relief may be granted.
3       Construed liberally, his complaint is that his due
4  process rights were violated when the Solano County Superior
5  Court issued a temporary order limiting plaintiff's visitation
6  rights to 90 minutes per week, without giving him a hearing on
7  his motion asserting that Mrs. Faerber had lied in her
8  application.[1]  However, except for very limited exceptions
9  that do not appear applicable here, state courts have
10 exclusive jurisdiction over domestic relations issues such as
11 divorce and child custody.  Aukenbrandt v. Richards, 504 U.S.
12 689, 703-704 (1992).  To the extent plaintiff seeks relief
13 from the "Superior Court of California," it is an arm of the
14 state and immune from suit under the Eleventh Amendment.
15 Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d
16 1103, 1110 (9th Cir. 1987).  To the extent that plaintiff
17 seeks to sue a state court judge for actions taken in that
18 judge's official capacity, that judge would also have immunity
19 from suit.  See Mireles v. Waco, 502 U.S. 9, 11 (1991); Dennis
20 v. Sparks, 449 U.S. 24, 27 (1980); Pierson v. Ray, 386 U.S.
21 547, 553 (1967); Moore v. Brewster, 96 F.3d 1240, 1244 (9th
22 Cir. 1996); Sherman v. Babbitt, 772 F.2d 1476, 1477 (9th Cir.
23 1985).  A judge does not lose this immunity "however erroneous
24 the act may have been, and however injurious in its

---

[1]     The court must liberally construe a pro se complaint, giving the plaintiff the benefit of any doubt.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

1  consequences it may have proved to the plaintiff." Moore, 96
2  F.3d at 1244 (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-
3  200 (1985)) (internal quotations omitted) *accord* Sherman, 772
4  F.2d at 1477.

5   Nor does this court have jurisdiction to stay or alter a
6  ruling of a state-court judge.  See Exxon Mobil Corp. v. Saudi
7  Basic Indus. Corp., 544 U.S. 280, 284 (2005) (approving
8  dismissal of "cases brought by state court losers complaining
9  of injuries caused by state court judgments rendered before
10  the district court proceedings commenced and inviting district
11  court review and rejection of those judgments."); Worldwide
12  Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir. 1986)
13  (forbidding the filing of suits seeking *de facto* review of
14  state-court decisions).  If plaintiff is dissatisfied with a
15  state court ruling, his remedy is to seek timely and
16  appropriate review through the state court system.

17   As to defendant Barbara Faerber, plaintiff alleges that
18  information she filed in court declarations is false.  In
19  California, statements made in a document filed in a court
20  proceeding are absolutely privileged.  Cal. Civ. Code § 47(b).
21  Nor does it appear that the exception contained in § 47 (b)(1)
22  applies, since plaintiff appears to be the respondent in the
23  state court.  Plaintiff's remedy is to dispute Barbara
24  Faerber's allegations in state court, not to sue in federal
25  court.  No federal claim appears to be stated against her and
26  she is not a state actor.  "To state a claim under §1983, a
27  plaintiff must allege the violation of a right secured under
28  the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). See also Apao v. Bank of New York, 324 F.3d 1091, 1093 (9 Cir. 2003) ("The Fourteenth Amendment...shields citizens from unlawful governmental actions, but does not affect conduct by private entities.").

Because I find that plaintiff's complaint fails to state a claim upon which relief may be granted, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's complaint is **DISMISSED**, with leave to amend. If plaintiff desires to proceed with this lawsuit, he must file an amended complaint by **January 5, 2009** which demonstrates that he is legally entitled to relief in federal court. The amended complaint should be a short, legible statement in plain English that clearly states the facts that form the basis for his suit against each defendant. At the very least, the amended complaint should explain whether plaintiff is pursuing an appellate remedy in state court and why he thinks this court has jurisdiction over this action. If he thinks he can sue the court or the judge, he must explain how he can avoid the immunity rules set forth above. He should explain what he thinks Ms. Faerber did that amounts to a federal claim. In amending his complaint, plaintiff may wish to consult a manual the court has adopted to assist *pro se* litigants in presenting their case. This manual is available in the Clerk's Office and online at www.cand.uscourts.gov. If plaintiff does not amend or otherwise comply with this Order by **January 5, 2009**, this case

1 | may be dismissed.[2]

2 |     2.  By no later than **January 5, 2009**, plaintiff and Ms.
3 | Faerber shall consent to or decline magistrate judge
4 | jurisdiction.  The form is available online at:
5 | www.cand.uscourts.gov
6 |     3.  The Clerk shall file the complaint without prepayment
7 | of fees.  However, the Marshal shall not serve the complaint
8 | pending further order of the court.
9 | Dated: December 3, 2008
10 |                                         Bernard Zimmerman
11 |                             United States Magistrate Judge
12 | G:\BZALL\-BZCASES\FAERBER\ORDER GRANTING FAERBER IFP.FINAL VERSION.BZ.wpd

---

[2] Neither plaintiff nor Ms. Faerber appeared at the case management conference held as scheduled on December 1, 2008.  Ms. Faerber had filed a motion to dismiss (Docket No. 6) raising some of the arguments discussed here.  In view of this ruling, **IT IS ORDERED** that Ms. Faerber's motion is **DENIED AS MOOT** and that a new case management conference will be scheduled once plaintiff files a sufficient complaint.

5